IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00074-PAB-MEH

KIRK F. MALDONADO,

    Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    Defendant.

**ORDER**

This matter is before the Court on defendant's motion for summary judgment [Docket No. 33]. The motion is fully briefed and ripe for disposition.[1]

**I. BACKGROUND**

Plaintiff Kirk F. Maldonado is a participant in a long-term disability plan (the "Plan") governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The Plan is sponsored by Sherman & Howard LLC, the law firm where plaintiff had worked as an attorney, and is insured by defendant Prudential Insurance Company of America ("Prudential"). On July 18, 2008, plaintiff stopped working due to memory loss and a decrease in cognitive functioning.

---

[1] The Court's jurisdiction over this case arises under 18 U.S.C. § 1331 and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132(e)(1) and (f).

Pursuant to the Plan, "if [plaintiff's] Disability, as determined by Prudential, is caused at least in part by a mental, psychoneurotic or personality disorder . . . benefits are not payable for [plaintiff's] Disability for more than 24 months." Docket No. 33-1 at 30 § E.  Plaintiff filed a claim for long term disability under the Plan, which was approved effective September 29, 2008.  In the September 17, 2008 letter approving plaintiff's claim, however, Prudential informed plaintiff that the two-year limitation applied to his claim.[2]  Plaintiff requested that Prudential reconsider that decision.  By letter dated June 17, 2009, Prudential informed plaintiff that, "[b]ased on the additional information in your file we find that our original determination, which was that your disability falls under the 24 month limitation in the policy, is correct." Docket No. 43 at 5, ¶ 10; Docket No. 45 at 3.  The letter further stated the following: "The initial 24 month period of disability will end as of September 28, 2010.  In the absence of any additional medical information to support continued disability, no further benefits are payable.  Your claim will terminate effective September 29, 2010 under the above policy guidelines."  Docket No. 43 at 5, ¶ 10; Docket No. 45 at 3.

## II. STANDARD OF REVIEW

Defendant seeks summary judgment, arguing that plaintiff's claims are not ripe for review.  The Court, however, considers such a ripeness challenge as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) because such a challenge implicates the Court's subject matter jurisdiction.  *SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997).  Rule 12(b)(1) challenges are generally

---

[2]The Plan provides for two exceptions to the time limitation, *see* Docket No. 33-1 at 30 § E, neither of which plaintiff contends is applicable to him.

2

presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)).   Here, defendant attacks the factual basis for subject matter jurisdiction, and the Court therefore "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts."  *SK Finance*, 126 F.3d at 1275.  "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances."  *Id.*  Ultimately, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction."  *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

### III.  DISCUSSION

Defendant contends that plaintiff's claim is not ripe for resolution because (1) plaintiff's "benefits have never been terminated" and (2) that the process of administering his claim for benefits is still ongoing.  See Docket No. 33 at 6.  As defendant points out, an ERISA action does not accrue until "an application for benefits is denied."  *Schwob v. Standard Ins. Co.*, 37 F. App'x 465, 470 (10th Cir. 2002); *see Peterson v. Continental Cas. Co.*, 282 F.3d 112, 118 (2d Cir. 2002) ("Absent a decision by the plan administrator, district courts have no jurisdiction to make an assessment of a beneficiary's eligibility for benefits.").  Until such time, the Court may not "interfer[e]

with the actions of administrative agencies except when a specific final agency action has an actual or immediately threatened effect." *Schwob*, 37 F. App'x at 470. In addressing whether an action is ripe, the Court "must therefore consider 'the legal nature of the question presented and the finality of the administrative action,'" asking "'(1) whether delayed review would cause hardship to [plaintiff]; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented.'" *Id.* (alteration in original, citation omitted).

On the question of hardship to the plaintiff, defendant asserted in its May 7, 2010 motion that dismissal of this action at that time would not impose any hardship because plaintiff was then receiving benefits. The implication is that plaintiff was required to wait until he was no longer receiving benefit checks before filing suit. Regardless of whether that is true under the other ripeness factors, it is clear that doing so would have imposed at least some hardship on the plaintiff. Furthermore, on December 13, 2010, defendant confirmed that as of September 28, 2010, plaintiff was "no longer receiving a benefit check . . . ." Docket No. 53 at 2, ¶ 5. The Court concludes that the case is ripe.

Defendant disagrees on the ripeness issue, arguing that judicial involvement in this case is premature because plaintiff's claim, as of May 2010, *see* Docket No. 33 at 7, and December 13, 2010, remained active and open. Docket No. 53 at 2-3. Defendant, however, provides the Court with no evidence in support of that assertion. *Cf.* Docket No. 52 (where the Court granted the parties leave to supplement their summary judgment briefing to address events since September 28, 2010). As plaintiff points out, the evidence before the Court supports the conclusion that Prudential made

4

a final determination that plaintiff's benefits were subject to the two-year limitation in its September 2008 letter, a determination later affirmed on June 17, 2009.  While in its motion defendant characterized its September 2008 decision as simply stating that plaintiff's "claim *appeared* to be subject" to the time limitation, Docket No 33 at 2 (emphasis added), defendant admitted in its reply brief that the September 17, 2008 letter actually stated that the "limitation applies."  Docket No. 45 at 3.  In a March 11, 2009 letter to plaintiff, defendant characterized plaintiff's appeal of that determination as a request that defendant "reconsider [its] determination that [plaintiff's] disability falls under the 24 month Mental and Nervous Limitation . . . ."  Docket No. 43 at 5, ¶ 9; *see* Docket No. 45 at 3.  Furthermore, the July 17, 2009 denial of plaintiff's appeal of that decision informed plaintiff that his "claim will terminate effective September 29, 2010 . . . . ."  Docket No. 43 at 5, ¶ 10; Docket No. 45 at 3; *cf.* 29 C.F.R. § 2560.503-1(m)(4) (defining an adverse benefit determination pursuant to ERISA as "a denial, reduction, or termination of . . . a benefit . . . that is based on a determination of a participant's or beneficiary's eligibility to participate in a plan . . . .").

Defendant identifies no contrary evidence that would indicate that its denial of benefits was preliminary or contingent in any way meaningful to the ripeness analysis.[3] Rather, defendant essentially argues that, because it could change its mind if presented with additional medical evidence, the issue has yet to be fully resolved at the

---

[3]As noted above, plaintiff's benefits have since been terminated in accordance with the determination that the two-year limitation applies. *Cf. Schwob*, 37 F. App'x at 470 (noting that plaintiff filed suit prior to the exhaustion of her administrative remedies but that "there may have been a ripe case and controversy for purposes of Article III as of September 24, 2009" "when [defendant] made what appeared to be a final decision denying plaintiff's claim" if defendant had not then reopened the administrative record).

administrative stage.  Without any evidence that plaintiff's claim for benefits remains open, the Court finds the speculative possibility that defendant could reconsider plaintiff's claim does not undermine the ripeness of the case at this point.

Finally, defendant does not identify what additional factual development is necessary for the Court to resolve the questions presented in this case.  Defendant argues that plaintiff might provide additional medical evidence which could lead to defendant altering its decision.  But again, defendant's speculation that, if additional medical evidence were supplied, defendant might change its mind does not undermine the ripeness of the present action in the absence of evidence that the claim is still open or the administrative record relevant to its resolution is incomplete.

In sum, plaintiff's benefits were terminated effective September 29, 2010.  On the present record, that termination appears to stem from defendant's September 2008 determination that the two-year limitation applies to plaintiff's claim.  If, in fact, there is evidence that there was a subsequent termination decision that was communicated to plaintiff from which he was afforded the opportunity to appeal, defendant has not presented it to the Court.  The Court concludes that plaintiff has met his burden of showing that the case is ripe, permitting this Court to exercise subject matter jurisdiction over this matter.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's motion for summary judgment [Docket No. 33], which the Court construes as a motion requesting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), is DENIED.

DATED March 2, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge